UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Lamb, #186788, *a/k/a Charles Willis Lamb*, <br><br>  Plaintiff, <br><br> vs. <br><br> John Does, X-Ray people them, at Kirkland Correctional Institution, and South Carolina Department of Corrections, <br><br> Defendants. | ) C/A No. 8:09-322-CMC-BHH <br> ) <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

_____

This is a civil action filed *pro se* by a state prison inmate.[1] In the Complaint originally submitted in this case, Charles Lamb (Plaintiff), a state of South Carolina prisoner currently housed at Lieber Correctional Institution, requested this Court to award him "Three hundred trillion dollars" in compensatory damages because at some undisclosed time in the past unnamed "X-ray people them, at Kirkland Correctional Institution" did not put a cast on Plaintiff's allegedly broken hand, despite Plaintiff's request that they do so. He has since filed an Amended Complaint (Entry 10) with the same factual allegations but with an additional Defendant named: "Department of Corrections." That Defendant was added to the list of defendants on the docket.

**Factual Background**

This is the sixth case filed by this prisoner since August 2008 containing the virtually the

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

same factual allegations about the un-casted broken hand, but with inadequately identified or otherwise improper defendants. *See* Civil Action Nos. 8:09-105 (against "Kirkland Correctional Institution Medical Agency"); 8:08-3732 (against "Department of Corrections"); 8:08-3685 (against "Department of Corrections"); 8:08-3558 (against "Kirkland CI Medical Staff"); 8:08-2805 (against "Lieber Corr Institution," "John Does, Medical Center people them," and "John Does, Medical Staff people them at Lieber"). This Court may take judicial notice of Plaintiff's litigation history and of the contents of his various filings with the Court. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

In the first case filed by Plaintiff regarding to his allegedly un-casted broken hand, *Charles Willis Lamb v. John Does, Medical Center Staff at Lieber Correctional Institution*, Civil Action No. 8:08-2805-CMC-BHH, the undersigned authorized service of process on one of the defendants in the case: South Carolina Department of Corrections (SCDC). In the partial-serve order filed on August 20, 2008, the Clerk was specifically directed that service was *not* authorized for the "John Does, Medical Center/Staff at Lieber Correctional Institution" because "they [were] not specifically identified in the complaint and cannot be served until named." In a contemporaneously-filed report and recommendation, it was recommended that another of the defendants named by Plaintiff: "Lieber Correctional Institution," be summarily dismissed because no viable claims could be stated against it because it was not a person subject to potential liability under 42 U.S.C. § 1983.[2] On September 29, 2008, the Honorable Cameron McGowan Currie,

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive

United States District Judge, adopted the report and recommendation and dismissed "Lieber Correctional Institution" from that case. Thereafter, legal counsel appeared on behalf of the served defendant, SCDC, and also, for some reason, the specifically un-served "John Does," filing an answer on September 30, 2008 and a motion for summary judgment on November 14, 2008. A *Roseboro* order was issued on November 18, 2008 in which Plaintiff was informed of his obligation to respond to the motion for summary judgment if he wished to pursue the case.

Despite the *Roseboro* order's warnings, Plaintiff failed to respond to the motion for summary judgment even after the issuance of a follow-up order on January 5, 2009.[3] Under that order, Plaintiff was reminded of his obligation to respond to the motion for summary judgment filed in the case and was given an extended period (until January 29, 2009) in which to file his response.[4] Plaintiff did not respond as directed and a report and recommendation for dismissal for failure to prosecute was issued by the undersigned on February 4, 2009. Plaintiff did not file objections to that report and recommendation. Instead, it appears that he chose to institute the separate case now under review by submitting his Complaint (Entry 1) against "X-ray people them" to the inmate postal system on February 5, 2009. *See Houston v. Lack*, 487 U.S. 266

---

individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

[3] Instead of pursuing his claims about his broken hand in the already pending case by filing an appropriate response to the defendants' summary judgment motion, Plaintiff began filing additional cases during October and November 2008 (8:08-3558; 8:08-3685; 8-08-3732). By January 12, 2009, all three of those case were dismissed *without prejudice* as frivolous. Plaintiff did not file objections to the reports and recommendations for summary dismissal in any of those cases, nor did he file an appeal from the dismissals.

[4] Instead of complying with the last order regarding the motion for the summary judgment in the pending case, Plaintiff filed Civil Action No. 09-105 on January 16, 2009, the fifth case with virtually identical allegations and, again, with an improper defendant. That case was summarily dismissed on February 25, 2009 and a strike was entered against Plaintiff due to his continued filing of frivolous actions against improper defendants despite his having been told that he could not do so in the reports and recommendations and order issued Civil Action Nos. 8:08- 2805; 8:08-3558; 8:08-3685; and 8-08-3732.

(1988)(prisoner's complaint deemed "filed" for limitations purposes when deposited in the prison mail system). District Judge Currie adopted the final report and recommendation issued in Civil Action No. 8:08-2805-CMC-BHH and, on February 25, 2009, dismissed that case *with prejudice* for failure to prosecute.

Following the initial review of the case under consideration in this Report and Recommendation (Civil Action No. 8:09-322-CMC-BHH), as well as review of the other five similar cases that Plaintiff previously filed, the undersigned issued an Order (proper-form Order) clearly informing Plaintiff that he had to more specifically identify the Defendants as individual "persons" if he wished to have them served with process. Plaintiff was told that the Court's listing of "X-ray people them" as "John Does, X-ray people them at Kirkland Correctional Institution" on the docket of the case would not result in sufficient identification of them as "persons" to permit the United States Marshal's Service to effect service in this case. Plaintiff was provided with a blank summons form and three Forms USM-285 and was given twenty days in which to prepare and submit service documents which "specifically identify these 'John Does,' preferably with their proper names and/or as much other specific identifying information (such as badge numbers, work hours, etc.) as he can possibly discover on his service documents if he wishes to have his Complaint served." (Entry 8). Plaintiff was also told that "[u]nless John Does are sufficiently identified as individual persons, service cannot be issued against them" and that Plaintiff, himself, "must provide, and is personally responsible for, information sufficient to specifically identify the individual Defendant on the Form USM-285. The United States Marshal cannot serve an improperly identified defendant, and un-served defendants may be dismissed as parties to this case." (*Id*.).

In response the proper-form Order, Plaintiff has now submitted several non-compliant

documents, including the Amended Complaint with "Department of Corrections" and "John Does, X-ray people them at Kirkland" written in the caption in the location for the names of "Defendants." The Amended Complaint is now the operative document in this case. *See* Fed. R. Civ. P. 15(a) (a party may amend the party's pleading "once as a matter of course at any time before a responsive pleading is served"). Plaintiff also submitted a summons form which fails in all respects to follow the clear directions of the proper-form Order for preparation of the form. For the names of the Defendants on the form, Plaintiff wrote only "John Does" and "company." He did not provide any further identifying information for the "John Does." He did not even state how many "John Does" he intends to be Defendants nor did he provide any street address for any Defendant on the form or even for himself. Additionally, although he was provided with three blank forms, Plaintiff submitted only one Form USM-285 listing "John Does" and "company" and "X-ray people them" on the line provided for the name of the "defendant" to be served. He submitted this incorrectly completed form, despite having been clearly directed under the proper-form Order to list only one Defendant and his/her street address per form and to provide a street address or additional identifying information for any Defendant listed on any form. In summary, it is clear that Plaintiff failed to comply with the proper-form Order.

Despite the numerous attempts by the Court to inform Plaintiff about the necessity that he name clearly identifiable, non-immune "persons" as defendants in federal civil rights litigation, both through the reports and recommendations entered in his past cases and in the language quoted above from the proper-form Order issued in this case, Plaintiff again fails to do so in this case. Given the complete failure of Plaintiff to follow the directions contained in the proper-form Order issued in this case, his failure to respond to numerous orders issued by the Court in the other five cases he filed since August 2008 raising the same issues, and his obvious refusal to recognize

and correct the shortcomings of his pleadings and submissions in the prior cases, the undersigned finds that it would unreasonably waste judicial resources to issue additional orders in this case in an effort to force Plaintiff to bring the case into proper form. Accordingly, this Report and Recommendation addresses the facial sufficiency of the allegations contained in the Amended Complaint to state any viable claim within this Court's jurisdiction and recommends summary dismissal of this case for frivolity.

### Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even

under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## Analysis

The facial sufficiency of the allegations contained in Plaintiff's pleadings are being considered under this Court's federal question jurisdiction and pursuant to 42 U.S.C. § 1983.[5] Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a viable claim under § 1983, a plaintiff must sufficiently allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As Plaintiff was previously informed, it is well settled that only "persons" may act under color of state law; therefore, a defendant in a §1983 action must qualify as a "person." Use of the impersonal, collective terms "staff" or "medical agency" or "company" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262 at *1 (D. Conn., Feb. 09, 2000); *Ferguson v. Morgan*, No.

---

[5] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

90 Civ. 6318 (JSM), 1991 WL 115759 at *1 (S.D.N.Y. Jun. 20, 1991).  The words "X-ray people them" as a name for Defendants is the equivalent of the use of the collective words "staff" or "agency" or "company" because it is a collective, impersonal term for a group or "staff."  It does not sufficiently name the individual persons who might or might not be part of that group and, accordingly, it does not name "persons" subject to § 1983 liability.

Moreover, despite being informed that he must do so, Plaintiff failed to provide any additional identifying information about any individual "John Does," who might be included among the "X-ray people them" group.   The proper-form Order even provided Plaintiff with examples of the type of additional identifying information that could possibly permit service of one or more John Doe: "(such as badge numbers, work hours, etc.)."  He could also have provided additional identifying information on the summons form and the Forms USM-285 such as the date and time of the alleged constitutional violations and the number and gender of the individuals in the Kirkland Correctional Institution X-ray department who were involved in the alleged decision not to place a cast on his hand.  However, Plaintiff's submissions totally fail to include any of this kind of identifying information, thus leaving the Court in the same position is has been in from the beginning regarding "John Doe, X-ray people them." They are not sufficiently identified as individual persons to permit the issuance of service on them in this case.  Because Plaintiff's use of "John Does, X-ray people them at Kirkland Correctional Institution" to name a Defendant or Defendants in this case fails to name a "person" potentially liable under § 1983, this case should be dismissed as to this Defendant or Defendants for failure to state a claim upon which relief may be granted.

Furthermore, Plaintiff's addition of "Department of Corrections" as a Defendant through the Amended Complaint does not save this case from summary dismissal.  Plaintiff has already

unsuccessfully attempted to sue "Department of Corrections" in two of the previous cases he filed about his allegedly un-casted broken hand. *See* Civil Action Nos. 8:08-3732 and 8:08-3685. In the reports and recommendations issued in both of those cases, Plaintiff was specifically told that the "Department of Corrections" can not be sued for damages in this Court because of its Eleventh Amendment immunity. *See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 627 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 61-71 (1989); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Social Servs.*, 562 F. Supp. 579, 583-85 (D.S.C. 1983); *Belcher v. South Carolina*. As Plaintiff was previously informed, he can pursue a civil action for damages against a state of South Carolina agency such as the Department of Corrections through the South Carolina Torts Claim Act. S.C. Code Ann. §§ 15-78-10 through -78-220 (1976). Since Plaintiff seeks only compensatory damages as relief in this case, "Department of Corrections" is immune from § 1983 liability a nd this case is subject to summary dismissal without service on this Defendant.

Finally, even if Plaintiff had named a proper § 1983 defendant in the Amended Complaint, the factual allegations contained in the pleading fail to state a viable federal constitutional claim of deliberate indifference to his medical needs. In order to establish deliberate indifference with respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a prisoner's serious medical needs is actionable under § 1983 if the plaintiff can prove that his inadequate medical care was more than merely

negligent. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990). With regard to his medical treatment at Kirkland, Plaintiff fails to allege any facts other than that he had x-rays and that he did not receive a cast. Here, Plaintiff alleges that the "X-ray people them at Kirkland Correctional Institution" refused to order a cast for his broken right hand after they had knowledge that his hand was broken in six different places. There are no allegations about whether or not the X-ray people (as opposed to doctors and/or nurses) had authority or responsibility to order that a cast be put on Plaintiff's hand, nor are there any allegations about how often Plaintiff or anyone else requested a cast or about any alleged additional physical harm or injury that might have occurred because no cast was ordered. As he was previously informed in the report and recommendation issued and adopted in his most recently submitted case: Civil Action No. 8:09-105, Plaintiff's bare-bones allegations, at most, assert negligence on the part of the X-ray people, and negligent or incorrect medical treatment is not actionable under § 1983. *Estelle v. Gamble*, 429 U.S. at 106. Negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, 75-76 (4th Cir. 1995)(applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]").

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh;*

*Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Since Plaintiff seeks monetary damages in this case from an immune Defendant ("Department of Corrections"), 28 U.S.C. § 1915A(b)(2) is applicable in this case. Hence, particularly because he has been informed of the impropriety of suing an immune party several times in the past, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

Plaintiff's attention is directed to the important notice on the next page.

>                         s/Bruce Howe Hendricks
>                         United States Magistrate Judge

March 10, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk

United States District Court

P.O. Box 10768

Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).